**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| D.J., Administrator of the Estate of J.J., Deceased; and AVIATION WEST CHARTERS, LLC d/b/a ANGEL MEDFLIGHT, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE BANK OF NEW YORK MELLON CORPORATION FLEXIBLE BENEFIT PLAN and THE BANK OF NEW YORK MELLON, INC., <br><br> *Defendants.* | Case No. 2:22-cv-1127 <br><br> Hon. Arthur J. Schwab |

**DEFENDANTS' MOTION TO DISMISS AVIATION WEST CHARTERS, LLC D/B/A ANGEL MEDFLIGHT FOR LACK OF STANDING TO BRING ANY CLAIM**

Defendants The Bank of New York Mellon Corporation Flexible Benefit Plan and The Bank of New York Mellon, Inc. (collectively, the "Employee Health Plan Defendants")[1] move for entry of an Order pursuant to rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure dismissing the claims of Aviation West Charters, LLC d/b/a Angel Medflight (the "Provider Plaintiff") and requiring a more definite statement (the "Motion"), stating as follows:[2]

---

1. In accord with the Federal Rules, the motion is brought on behalf of the named-Defendants. For the avoidance of doubt, however, it is noted that the named-Defendants are not the correct parties-in-interest. Neither is an existing corporation; thus, neither could be responsible for any employee health benefits coverage decisions or for funding any covered benefits under the employee welfare plan at issue, and all rights are reserved respecting pleading the correct Defendants at the appropriate time. Counsel for Defendants commits to conferring with counsel for Plaintiffs on this point.

2. Defendants are contemporaneously filing a Memorandum of Law in support of this Motion.

## Introduction

1.      Employee Health Plan Defendants file this Motion for entry of an Order pursuant to rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure dismissing a portion of the complaint and requiring a more definite statement for at least two reasons. First, the Provider Plaintiff does not have standing to sue to enforce the terms of the Plan because it contains an express prohibition against the member assigning his or her benefits to any third-parties. Second, the pleading's sole count impermissibly commingles allegations by failing to properly plead each Plaintiffs' respective allegations against each Defendant.

## Relevant Factual Background

2.      Provider Plaintiff seeks additional reimbursement — ***beyond*** what the Employee Health Plan Defendants and the member (*i.e.*, the patient) already paid — for non-emergent, out-of-network medical air transportation services it provided to a member of an ERISA governed employee welfare plan with little notice. *See, e.g.*, Compl. [D.E. 1], ¶¶ 1, 2 & 6.

3.      Provider Plaintiff admits that it seeks this recovery based on the terms of a health benefits plan that "is governed by ERISA." *Id*. at ¶ 8.

4.      Provider Plaintiff further admits, as it must, that it is not a participant or a beneficiary under the subject ERISA governed health benefits plan. *Id*. at ¶ 30 & 31 ("J.J. [and not Provider Plaintiff] was a participant in the Plan.").

5.      Provider Plaintiff therefore purports to have standing to bring this action *only because* "J.J. assigned her claim for benefits to [Provider Plaintiff]." *Id*. at ¶¶ 5, 19 & 31.

140207257.3

6.      The Plan, however, ***expressly prohibits*** any assignment of its benefits "to an out-of-network provider or facility under this plan[, which] may include: . . . [a]ny claim you make for damages resulting from a breach, or alleged breach, of the terms of this plan."[3]

### The Complaint Must Be Dismissed
### with Prejudice because the Provider Plaintiff Lacks Standing

7.      The Employee Retirement and Income Security Act ("ERISA") is a "comprehensive legislative scheme" designed to "protect . . . the interests of participants in employee benefit plans and their beneficiaries." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

8.      To do so, ERISA provides a variety of standards and regulations for both "pension plans" and "welfare plans," including plans designed to provide healthcare benefits. 29 U.S.C. § 1002(1).

9.      ERISA provides employees covered by such plans with the right to sue to "recover benefits due . . . under the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B).

10.     The right to sue to enforce a health benefits plan's terms is expressly limited to the "participant" or "beneficiary" of that health benefits plan. 29 U.S.C. § 1132(a)(1). For the purposes of ERISA, "participants" or "beneficiaries" include only current or former employees who are

---

3.      The Plan and its terms are identified, described and expressly relied upon to assert a claim for damages for purportedly breaching its terms in the Complaint. *See, e.g.,* Compl., ¶¶ 1, 7, 8, 21, 22–26, 28, 29 30 & 33–35. Accordingly, the Plan's terms may be relied upon in this motion to dismiss as "within the four corners of the complaint." *See Inman v. Technicolor USA, Inc.*, 2011 WL 5829024, at *3 (W.D. Pa. Nov. 18, 2011) ("[a] District Court may take judicial notice of a document '***integral to or explicitly relied upon in the complaint***' without converting a motion to dismiss into one for summary judgment") (emphasis added). *Accord Rosfeld v. Univ. of Pittsburgh*, 2020 WL 2395000, at *3 (W.D. Pa. May 12, 2020). The Plan contains proprietary and confidential information, and Employee Health Plan Defendants have obtained permission to file the Plan under seal. The Plan is attached to the accompanying Memorandum as **Exhibit A**. The Plan will be provided to Plaintiffs pursuant to a confidentiality agreement.

3

eligible — or other persons designated by a participant or the terms of a plan — to receive some benefit from the health benefits plan. 29 U.S.C. § 1002(7) & (8).

11.      Healthcare providers, including Provider Plaintiff, do not qualify as either a "participant" or a "beneficiary." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018).

12.      While the Third Circuit has held "that a valid assignment of benefits by a plan participant or beneficiary transfers to such a provider both the insured's right to payment under a plan and his right to sue for that payment," it also recently confirmed that "anti-assignment clauses in ERISA-governed health insurance plans are generally enforceable." *Am. Orthopedic*, 890 F.3d at 455.

13.      In the instant case, just like the plaintiff in *American Orthopedic*, Provider Plaintiff seeks additional reimbursement based on an ERISA governed employee welfare plan pursuant to a purported assignment of the Plan's benefits from the member.

14.      However, again just like the employee welfare plan contemplated in *American Orthopedic*, the Plan here contains an anti-assignment clause that expressly prohibits any assignment "to an out-of-network provider or facility under this plan[, which] may include: . . . [a]ny claim you make for damages resulting from a breach, or alleged breach, of the terms of this plan."

15.      Given that Provider Plaintiff is an "out-of-network provider" seeking to bring a "claim . . . for damages resulting from a breach, or alleged breach, of the terms of the plan," Provider Plaintiff's assignment is prohibited by the Plan's plain language.

16.      The assignment is therefore void, and Provider Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6) for lack of standing to enforce the Plan's terms.

**The Complaint Violates Fed.R.Civ.P. 8 because It Impermissibly Comingles Allegations
and, consequently, Plaintiffs Must File and Serve a More Definite Statement**

17.     The Complaint is also deficient because it violates the federal pleading standard of

Rule 8 of the Federal Rules of Civil Procedure by impermissibly commingling allegations by each

Plaintiff against each Defendant, leaving the Employee Health Plan Defendants without notice as

to each respective allegation against them.

18.     Fed. R. Civ. P. 8(a) states that a complaint must contain:

    a.  a short and plain statement of the grounds for the court's jurisdiction, unless the
court already has jurisdiction and the claim needs no new jurisdictional support;

    b.  a short and plain statement of the claim showing that the pleader is entitled to relief;
and

    c.  a demand for the relief sought, which may include relief in the alternative or
different types of relief.

19.     Pennsylvania federal district courts have interpreted Rule 8 to require each plaintiff

to specifically allege allegations raised against each defendant. *See Krankowski v. O'Neil*, 3:CV-

08-1595, at *6 (M.D. Pa. Dec. 11, 2008) (dismissing plaintiffs' complaint where it "does not meet

the mandates of the Federal Rules of Civil Procedure because specific facts are not alleged against

individual defendants' factual allegations [and they] are required 'in order to give the defendant

fair notice of what the claim is and the grounds upon which it rests.'").

20.     The Complaint in the instant matter improperly comingles allegations by each

Plaintiff against all Employee Health Plan Defendants. *See, e.g.,* Compl., [D.E. 1], ¶¶ 27–35

(alleging a single count against all "Defendants"); *id*. at Prayer For Relief (requesting a judgment

against "defendants" based on a single count).

5

21.     At the same time, the Complaint fails to distinguish between claims made by the two Plaintiffs. *See, e.g., id.* at ¶ 27; *see also id.* at ¶ 35 ("***Plaintiffs*** are entitled to recover the benefit due under the Plan.") (Emphasis added).

22.     Consequently, the Complaint has put neither Defendant on notice of what claims are being lodged against it.

23.     The Complaint, therefore, unfairly prejudices the ability of both Employee Health Plan Defendants to lodge a meaningful response to the Complaint.

24.     Accordingly, Plaintiffs should be required to file and serve a Complaint appropriately detailing more definite allegations, distinguishing which allegations are made by each Plaintiff against each Defendant.

**WHEREFORE** Defendants The Bank Of New York Mellon Corporation Flexible Benefit Plan and The Bank of New York Mellon, Inc. respectfully request entry of an Order in substantially the form attached hereto (i) dismissing all claims by Aviation West Charters, LLC d/b/a Angel Medflight's for lack of standing, (ii) requiring Plaintiffs to file and serve a more definite statement distinguishing which Plaintiff is bringing which claims against which Defendant, and (iii) awarding the Employee Health Plan Defendants any other relief deemed appropriate.

Respectfully submitted,

Date: November 28, 2022

*s/ John R. Gotaskie, Jr.*
John R. Gotaskie, Jr., Esq.
PA Bar I.D. No 81143
Fox Rothschild LLP
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA  15219
Telephone: 412.391.1334
JGotaskie@foxrothschild.com

AND

6

140207257.3

David J. DePiano, Esq. *(Admitted Pro Hac Vice)*
Fox Rothschild LLP
777 S. Flagler Dr., Suite 1700
West Palm Beach, Florida 33401
ddepiano@foxrothschild.com

*Counsel for Defendants,*
*The Bank of New York Mellon Corporation*
*Flexible Benefit Plan (the "BNYM Plan") and*
*The Bank of New York Mellon, Inc. ("BNY*
*Mellon")*

140207257.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of November, 2022, a true and correct copy of the foregoing was served on the following via the Court's CM/ECF System:

Tybe A. Brett, Esq.
tbrett@fdpklaw.com
**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA 15219

*Counsel for Plaintiffs*

By:  *s/ John R. Gotaskie, Jr.*
John R. Gotaskie, Jr., Esq.
PA Bar I.D. No 81143

*Counsel for Defendants,*
*The Bank of New York Mellon Corporation*
*Flexible Benefit Plan (the "BNYM Plan") and*
*The Bank of New York Mellon, Inc. ("BNY*
*Mellon")*

140207257.3