IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.J., Administrator of the Estate of J.J., deceased,<br><br>*Plaintiff,*<br><br>v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>*Defendant.* | Case No. 2:22-cv-1127<br><br>Hon. Arthur J. Schwab |

**CASE MANAGEMENT ORDER**

**AND NOW**, this 13th day of February, 2003, **IT IS ORDERED** that this action is placed under Local Rule 16.1 of this Court for pretrial proceedings and all provisions of the Rule will be strictly enforced.

**IT IS FURTHER ORDERED** that counsel shall confer with their clients prior to all case management, status, or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court. Counsel are encouraged to instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

**IT IS FURTHER ORDERED** that compliance with provisions of Rule 16.1 shall be completed as follows:

(1) Plaintiff and Defendant will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by <u>February 24, 2023</u>.[1] ***(16 days after the initial case management conference)***

(2) If any party is dissatisfied with the Rule 26(a)(1) disclosures (*i.e.,* if a party has failed to fully produce the actual documents), the dissatisfied party(ies) shall file a

    Motion to Compel by <u>March 1, 2023</u>. ***(5 days after the Rule 26(a)(1) disclosures are due.)*** The opposing party shall file a Response to any Motion(s) to Compel by <u>March 7, 2023</u>. ***(6 days after any Motion to Compel is filed.)***

(3) The parties shall move to amend the pleadings or add new parties by <u>March 10, 2023</u>. ***(30 days after the initial case management conference)***

(4) The parties shall complete fact discovery by <u>June 30, 2023</u>. ***(142 days after the initial case management conference)*** All interrogatories, depositions, requests of admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.

(5) **EXPERT REPORTS AND DISCOVERY:**  Not Applicable

  (a) Plaintiff's expert reports shall be filed by <u>N/A</u>.

---

[1] **Procedures Following Inadvertent Disclosure ("Clawback")**: Pursuant to Local Rule LCvR 16.1 (D), and to aid in the implementation of Fed. R. Evid. 502, the following is Ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:
 a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.
 b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

*(120 days after the initial case management conference.)*

(b)  Defendant's expert reports shall be filed by  N/A .

*(140 days after the initial case management conference.)*

(c)  All expert depositions shall be completed by  N/A .

*150 days after the initial case management conference.)*

(6)  Responses to motions to compel are due within 10 calendar days of the filing of the motion.

(7)  The parties shall comply with Local Rule 56 with respect to making a motion for summary judgment and the filing of a response to the motion. The parties shall file cross-motions for summary judgment in accordance with the requirements of Local Rule 56B on or before  July 20, 2023 *(20 days after the end of fact and expert discovery)*. The parties shall file their responses in accordance with the requirements of Local Rule 56C on or before  July 31, 2023 *(11 days after filing of the cross-motions for summary judgment)*. On the same date of the filing of said opposition, each moving party shall file a joint concise statement of material facts which combines the moving party's concise statement of material facts with the respective responsive concise statement, e.g., the movant shall combine its separately numbered paragraph (1) with the respective response to that same numbered paragraph in a revised separately numbered paragraph (1). The joint concise statement shall be prepared so that each response immediately follows the movant's fact to which it responds, and is readily identifiable as a response and not part of the movant's submission. The parties shall cooperate with each other in preparing their respective joint concise statements of material facts. Briefs

supporting or opposing summary judgment motions shall not exceed 15 pages, excluding tables of authorities. Reply and surreply briefs shall not be filed unless approved/requested by the Court.

(8) Plaintiff's pretrial narrative statement shall comply with Rule 16.1C, and be filed by  August 29, 2023.  *(29 days after filing of the responses to cross-motions for summary judgment.)*

(9) Defendant's pretrial narrative statement shall comply with Rule 16.1C, and be filed by  September 8, 2023.  *(39 after filing of the responses to cross-motions for summary judgment.)*

(10) Material facts not identified in the pretrial narrative statements may be excluded upon objection or *sua sponte*.  Witnesses or exhibits not identified in the pretrial narrative statements shall not be admissible at trial, except for any witness or exhibit to be used solely for impeachment purposes.  Plaintiff should use numbers with a "P" prefix to designate exhibits (e.g., P1, P2, . . .); Defendant should use numbers with a "D" prefix to designate exhibits (e.g., D1, D2, . . .).

(11) The parties shall not amend or supplement their pretrial narrative statements without leave of Court.

(12) All parties shall file an indication whether or not they are willing to proceed to trial in front of a Magistrate Judge by March 10, 2023. *(30 days after the initial case management conference.)*

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Court Judge

cc:  All ECF Counsel of Record